ELECTRONICALLY FILED
7/23/2024 1:45 PM
02-CV-2024-901874.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
SHARLA KNOX, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>02<br><br>Date of Filing:<br>07/23/2024 | Judge Code: |

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA**
**MICHELLE LYN PIERCE v. WALMART, INC.**

**First Plaintiff:** ☐ Business  ☑ Individual      **First Defendant:** ☑ Business  ☐ Individual
☐ Government  ☐ Other                           ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☑ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS  (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/<br>Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/<br>Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ QTLB - Quiet Title Land Bank
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:** F ☑ INITIAL FILING        A ☐ APPEAL FROM        O ☐ OTHER
                                              DISTRICT COURT

        R ☐ REMANDED          T ☐ TRANSFERRED FROM
                                              OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO   **Note:** Checking "Yes" does not constitute a demand for a
                                                                    jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**    ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
WHI174                 7/23/2024 1:45:11 PM              /s/ GARRETT LEE WHITE MR.
_____        _____              _____
                              Date                          Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**        ☐ YES ☐ NO ☑ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**   ☐ YES ☑ NO

**Exhibit A**



AlaFile E-Notice

02-CV-2024-901874.00

To:  GARRETT LEE WHITE MR.
     glwhite@greenephillips.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

MICHELLE LYN PIERCE V. WALMART, INC.
02-CV-2024-901874.00

The following complaint was FILED on 7/23/2024 1:45:12 PM

Notice Date:     7/23/2024 1:45:12 PM

SHARLA KNOX
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET   9TH FLOOR, N TOWER
MOBILE, AL, 36644

251-574-8420

ELECTRONICALLY FILED
7/23/2024 1:45 PM
02-CV-2024-901874.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
SHARLA KNOX, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET<br>CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>02-...<br><br>Date of Filing:   Judge Code:<br>07/23/2024 |
|---|---|---|

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA
### MICHELLE LYN PIERCE v. WALMART, INC.

**First Plaintiff:** ☐ Business   ☑ Individual   **First Defendant:** ☑ Business   ☐ Individual
☐ Government   ☐ Other   ☐ Government   ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
☐ WDEA - Wrongful Death
☑ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonness
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
☐ TOPE - Personal Property
☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/<br>Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP - Contempt of Court
☐ CONT - Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/<br>Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD - Eviction Appeal/Unlawful Detainer
☐ FORJ - Foreign Judgment
☐ FORF - Fruits of Crime Forfeiture
☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB - Protection From Abuse
☐ EPFA - Elder Protection From Abuse
☐ QTLB - Quiet Title Land Bank
☐ FELA - Railroad/Seaman (FELA)
☐ RPRO - Real Property
☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP - Workers' Compensation
☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**   F ☑ INITIAL FILING   A ☐ APPEAL FROM<br>DISTRICT COURT   O ☐ OTHER

R ☐ REMANDED   T ☐ TRANSFERRED FROM<br>OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO   **Note:** Checking "Yes" does not constitute a demand for a<br>jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
WHI174   7/23/2024 1:45:11 PM   /s/ GARRETT LEE WHITE MR.
Date   Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:** ☐ YES ☐ NO ☑ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:** ☐ YES ☑ NO

ELECTRONICALLY FILED
7/23/2024 1:45 PM
02-CV-2024-901874.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
SHARLA KNOX, CLERK

## IN THE CIRCUIT  COURT OF MOBILE COUNTY, ALABAMA

**MICHELLE LYN PIERCE,**

      **Plaintiff,**

**v.**

**WALMART, INC., and Fictitious
Defendants A – Z, being parties whose
fault caused or contributed to the injuries
sustained by the Plaintiff which is the
basis of this suit, and whose names,
capacities and identities are otherwise
unknown to the Plaintiff and which will
be added by amendment when
ascertained,**

      **Defendants.**

**CASE NO.: DV-2021**

**<u>PLAINTIFF DEMANDS
TRIAL BY JURY</u>**

## <u>COMPLAINT</u>
## <u>JURISDICTIONAL PREAMBLE</u>

COMES NOW the Plaintiff, Michelle Lyn Pierce, and in accordance with the *Alabama Rules of Civil Procedure*, files the following claim for relief against the Defendant, Walmart, Inc., and Fictitious Defendants, A – Z, as follows:

1.    Plaintiff, Michelle Lyn Pierce, is an adult resident of Mobile County, Alabama.

2.    Defendant, Walmart, Inc., is a corporation conducting business in Mobile County, Alabama.

3.    Fictitious Defendants A – Z are persons, firms, corporations and/or entities within the jurisdiction of this court as set out in the style of this Complaint, whose true names are unknown to the Plaintiff at this time but will be substituted by amendment when discovered.

4.    The amount in controversy is within the jurisdictional limits of this Honorable Court.

## FIRST CAUSE OF ACTION
## NEGLIGENCE

Plaintiff, Michelle Lyn Pierce, alleges against the Defendants, Walmart, Inc. and Fictitious Defendants A – Z, separately and severally as follows:

5.      The Plaintiff adopts and realleges all prior paragraphs as if fully set out herein.

6.      On or about the July 24, 2022, Plaintiff, Michelle Lyn Pierce, while an invitee, was upon the premises, either owned or under the control of the Defendants, located at 101 E Interstate 65 Service Road S, Mobile, AL 36606.  While in an area open to invitees and expected to be traversed by said invitees, the Plaintiff tripped on a wire rack that was sticking out of a pallet, sustaining injuries to her person.

7.      Plaintiff's fall was the proximate result of the Defendants negligence in that the Defendants knew or should have known of the condition of the rack and failed to either remedy the defect or warn the Plaintiff of the defect.

8.      The defect on the floor was not an open an obvious hazard.

9.      As a proximate result of the Defendants negligence, Plaintiff suffered the following injuries and damages: Plaintiff was made sick, sore, and lame; Plaintiff was battered, bruised and contused; Plaintiff was permanently injured; Plaintiff suffered physical pain and suffering and mental anguish and will so suffer in the future; Plaintiff incurred medical bills and expenses and will incur such expenses in the future; Plaintiff lost wages and an ability to earn money.

WHEREFORE, Plaintiff demands judgment against the Defendants for compensatory damages in a sum within the jurisdictional limits of this Court, plus interest and cost.

## SECOND CAUSE OF ACTION
## WANTONNESS

Plaintiff, Michelle Lyn Pierce, alleges against the Defendants, Walmart, Inc. and Fictitious Defendants A – Z, separately and severally as follows:

10.     The Plaintiff adopts and realleges all prior paragraphs as if fully set out herein.

11.     On or about the July 24, 2022, Plaintiff, Michelle Lyn Pierce, while an invitee, was upon the premises, either owned or under the control of the Defendants, located at 101 E Interstate 65 Service Road S, Mobile, AL 36606.  While in an area open to invitees and expected to be traversed by said invitees, the Plaintiff tripped on a wire rack that was sticking out of a pallet, sustaining injuries to her person.

12.     Plaintiff's fall was the proximate result of the Defendants wantonness in that the Defendants knew or should have known of the condition of the rack and failed to either remedy the defect or warn the Plaintiff of the defect.

13.     The defect on the floor was not an open an obvious hazard.

14.     As a proximate result of the Defendants wantonness, Plaintiff suffered the following injuries and damages: Plaintiff was made sick, sore, and lame; Plaintiff was battered, bruised and contused; Plaintiff suffered permanent injuries; Plaintiff suffered physical pain and suffering and mental anguish and will so suffer in the future; Plaintiff incurred medical bills and expenses and will incur such expenses in the future; Plaintiff lost wages and an ability to earn money.

WHEREFORE, Plaintiff demands judgment against the Defendants for punitive damages in a sum within the jurisdictional limits of this Court, plus interest and cost.

DOCUMENT 2

/s/ Garrett L. White
Garrett L. White (WHI174)
Attorney for Plaintiff

OF COUNSEL:
GREENE & PHILLIPS
51 N. Florida Street
Mobile, Alabama  36607
251-478-1115 – Telephone
251-471-3920 – Facsimile

**DEFENDANT MAY BE SERVED AS FOLLOWS BY PRIVATE PROCESS SERVER:**

**Walmart, Inc.**
**c/o CT Corporation System**
**2 N. Jackson St Ste. 605**
**Montgomery, AL  36104**

ELECTRONICALLY FILED
7/23/2024 1:45 PM
02-CV-2024-901874.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
SHARLA KNOX, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | | |
|---|---|---|
| **MICHELLE LYN PIERCE,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | |
| | * | **CASE NO.: CV-** |
| **WALMART, INC., and Fictitious** | * | |
| **Defendants A – Z, being parties whose** | * | **TO BE SERVED** |
| **fault caused or contributed to the injuries** | * | **WITH COMPLAINT** |
| **sustained by the plaintiff which is the** | * | |
| **basis of this suit, and whose names,** | * | |
| **capacities and identities are otherwise** | * | |
| **unknown to the plaintiff and which will** | * | |
| **be added by amendment when** | * | |
| **ascertained,** | * | |
| | * | |
| **Defendant,** | * | |

### PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, WALMART, INC.

COMES NOW the Plaintiff, Michelle Lyn Pierce, pursuant to Rules 33 and 34 of the Alabama Rules of Civil Procedure, and propounds the following Interrogatories and Request for Production of Documents to Defendants to be answered fully in writing and under oath within forty-five (45) days of the service hereof:

1.      State the name, address, telephone number, business employment, job title, name of direct supervisor, social security number, age, date of birth and driver's license number of the person answering these discovery requests.

**RESPONSE:**

2.      State the name, address and telephone number of each individual:

     a)     who witnessed the incident made the basis of this suit or the events occurring immediately before or after the incident made the basis of this suit;

     b)     who heard any statements made about the incident made the basis of this suit of any individual at the scene; and

     c)     who you or anyone acting on your behalf claim to have knowledge of the incident made the basis of this lawsuit.

**RESPONSE:**

3.     State the names and addresses of **each** and every person that you or anyone acting on your behalf has talked to regarding or relating to the incident made the basis of this lawsuit, the nature of said discussions and further state when and where such discussions took place.

**RESPONSE:**

4.     State the name and address of each and every person from whom you have obtained a statement, whether written or oral, taped or videotaped; provide the date and time said statement was taken.

**RESPONSE:**

5.     Please state whether you are named correctly in the Complaint.  If not, please state your correct legal name.

**RESPONSE:**

6.     For each of your employees, agents or representatives physically present at the time and place of the incident made the basis of this suit, including but not limited to the individual(s) who were to maintain the conditions of the floors, please state:

a)      his or her name, address and telephone number;

b)      job title of said individuals as of the date of the incident made the basis of this suit;

c)      whether he or she was on duty at the time of the incident made the basis of this suit; and

d)      the job or function he or she was performing at the time of the incident made the basis of this suit.

**RESPONSE:**

7.      Please list all applicable insurance policies which would provide coverage for the loss made the basis of the Complaint.  Include the name of the company who issued the policy, the policy number, and the limits of insurance.  Attach a copy of the policy to your response to these interrogatories.

**RESPONSE:**

8.      Produce for inspection and copying any and all pictures, video tapes, slides or negatives depicting any place, object, or individual pertaining to or relating to the incident made the basis of this lawsuit.

**RESPONSE:**

9.      State in detail how the incident made the basis of this suit occurred.

**RESPONSE:**

10.      Within the past five (5) years, has the Defendant received or become aware of any claim resulting from injuries alleged to be suffered in slip and fall or trip and fall incidents at the premises where the Plaintiff fell?

**RESPONSE:**

11.     For each claim mentioned in your answer to Interrogatory No. 10, state:

   a)     the date of the alleged injury;

   b)     the date claim was received;

   c)     name and address of alleged injured claimants; and

   d)     name and address of the claimants' attorneys (if any).

**RESPONSE:**

12.     Within the past five (5) years, has the Defendant(s) been involved in any other personal injury claims which either settled short of the filing of a  lawsuit or any lawsuits arising from slip and fall or trip and fall incidents suffered, or alleged to be suffered, at the premises where the Plaintiff fell or any other premises under the custody or control of this Defendant(s)?

**RESPONSE:**

13.     For each claim or lawsuit  mentioned  in your  answer  to Interrogatory No. 12, state:

   a)     the date(s) the litigation was filed;

   b)     the court(s) in which it was filed;

   c)     the case name(s);

   d)     the case number(s);

   e)     the lawyer(s) who represented the plaintiffs; and

   f)     the date of the alleged injury.

**RESPONSE:**

14.     On the date of the alleged incident, how frequently was the area where the incident occurred inspected, cleaned and/or maintained?

**RESPONSE:**

15.    Produce for inspection and copying any and all documents, (including time logs, cleaning logs, maintenance records, etc.) which support your answer to Interrogatory No. 14.

**RESPONSE:**

16.    With respect to all witnesses whom you will or may call as experts to give opinion testimony at the trial of this cause, state the following:

      a)    name and address of the expert;

      b)  the field in which he/she is offered as an expert;

      c)  the substance of the facts in which he/she is expected to testify; and

      d)  the substance of the opinions to which he/she is expected to testify in the summary for the grounds of each such opinion.

**RESPONSE:**

17.    Produce for inspection and copying any and all policies and procedures of the Defendant which relate in any way to the incident made the basis of the Complaint.

**RESPONSE:**

/s/ Garrett L. White
Garrett L. White (WHI174)
Attorney for Plaintiff

OF COUNSEL:
GREENE & PHILLIPS
51 N. Florida Street
Mobile, Alabama  36607
251-478-1115 – Telephone
251-471-3920 – Facsimile



AlaFile E-Notice

02-CV-2024-901874.00

To:  GARRETT LEE WHITE MR.
glwhite@greenephillips.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

MICHELLE LYN PIERCE V. WALMART, INC.
02-CV-2024-901874.00

The following complaint was FILED on 7/23/2024 1:45:12 PM

Notice Date:     7/23/2024 1:45:12 PM

SHARLA KNOX
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET   9TH FLOOR, N TOWER
MOBILE, AL, 36644

251-574-8420



AlaFile E-Notice

02-CV-2024-901874.00

To:  WALMART, INC.
     C/O CT CORPORATION SYSTEM
     2 N JACKSON ST., STE. 605
     MONTGOMERY, AL, 36104

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

MICHELLE LYN PIERCE V. WALMART, INC.
02-CV-2024-901874.00

The following complaint was FILED on 7/23/2024 1:45:12 PM

Notice Date:     7/23/2024 1:45:12 PM

SHARLA KNOX
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET   9TH FLOOR, N TOWER
MOBILE, AL, 36644

251-574-8420

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 7/2023 | SUMMONS<br>- CIVIL - | Court Case Number<br>02-CV-2024-901874.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA
### MICHELLE LYN PIERCE V. WALMART, INC.

**NOTICE TO:** WALMART, INC., C/O CT CORPORATION SYSTEM 2 N JACKSON ST., STE. 605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), GARRETT LEE WHITE MR.

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 51 N. Florida St., Mobile, AL 36607

*(Address(es) of Plaintiff(s) or Attorney(s))*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☑ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request below of pursuant to the Alabama Rules of the Civil Procedure.

*(Name(s))*

| 07/23/2024 | /s/ SHARLA KNOX | By: | |
|---|---|---|---|
| *(Date)* | *(Signature of Clerk)* | | *(Name)* |

☐ Certified Mail is hereby requested.

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

*Certified Mail*

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to

_____ in _____ County, Alabama on _____ .

*(First and Last Name of Person Served)*    *(Name of County)*    *(Date)*

Document left:

     ☐ with above-named Defendant;

     ☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

     ☐ at the above-named Defendant's dwelling house or place or usual place of abode with some
     person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was refused by

_____ in _____ County, Alabama on _____ who is:

*(First and Last Name of Person Served)*    *(Name of County)*    *(Date)*

     ☐ the above-named Defendant;

     ☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |
|---|---|---|
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Server's Printed Name)* | |
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Telephone Number of Designated Process Server)* | |

ELECTRONICALLY FILED
7/29/2024 2:03 PM
02-CV-2024-901874.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
SHARLA KNOX, CLERK

Revised 1-1-014;  4-1-99;  11-1-99

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | |
|---|---|
| _____ | * |
| _____ | * |
| Plaintiff(s) | * |
| Vs. | *    CIVIL ACTION NO. _____ |
| _____ | *    DATE COMPLAINT FILED: _____ |
| _____ | * |
| Defendant(s) | |

### ASSIGNMENT TO EXPEDITED CASE MANAGEMENT SYSTEM AND GENERAL PRE-TRIAL ORDER

This case has been placed on the Expedited Case Management System which is designed to dispose of a case within 12 months after filing.

### OBJECTION TO INCLUSION IN SYSTEM

If a party to this cause believes that the cause is extremely complex or will involve unique problems and will be impossible to prepare for trial within the time frame of the system, he may, within 40 days after the date of this order, or if the party has not been served at the date of this order, within 40 days after service, file a motion requesting that the cause not be included in the system and that the parties be allowed additional time to prepare the cause for trial.  A motion filed later than the aforesaid 40 days will not be considered by the Court, a discovery schedule will be set by the Court after conference with the parties.  If a case is so excluded the General Pre-Trial Order will remain in effect unless specifically altered by the Court.

### DISCOVERY

Unless the Court sets a shorter time, all pre-trial discovery shall be completed within 270 days after filing of the complaint unless party filing Motion to Set and Certificate of Readiness requests additional period of time, not to exceed 60 days, and certifies that all discovery will be concluded within that time.  Notwithstanding the foregoing, for good cause shown, the Court may permit, or parties may agree, that additional discovery procedures be undertaken anytime prior to trial, so long as such discovery can be completed so as not to require a continuance of the trial setting.

### MOTION TO SET AND CERTIFICATE OF READINESS

Counsel for the plaintiff shall, and counsel for any other party may, file a Motion to Set and Certificate of Readiness, which hall be filed not later than 270 days after the filing of the complaint.  If such motion is not filed by the 280th day, the Court will place the case marked "To Be Dismissed", on a disposition docket as near as possible to the 300th day and send notice of such to all parties.  If a Motion to Set and Certificate of Readiness is not received by the Court prior to the disposition date, the case will be dismissed.

The Motion to Set and Certificate of Readiness will be in a form similar to that available in the Clerk's Office and will  contain the following information:

(1)   The date the complaint was filed;

(2)   That the issues in this cause have been defined and joined;

(3)   That all discovery has been completed or will be completed 60 days after the filing of the Certificate of Readiness;

(4)   That a jury demand has or has not been demanded;

(5)   The expected length of the trial expressed in hours and/or days;

(6)   A brief description of the plaintiff's claim;

(7)   The names, addresses and telephone numbers of the parties or their attorneys responsible for their litigation;

(8)   That the movant certifies that all expert witnesses expected to testify at trial have been disclosed to all parties, together with a summary of their opinions;

(9)   That the movant acknowledges his/her responsibility to make all documents, exhibits, and physical evidence, or copies thereof, expected to be used in the case in chief available to the other parties, not less than 21 days prior to trial, for inspection and copying;

(10)  That the movant certifies that he/she has rad the pre-trial order, and that he/she has complied with it to date and will comply with its requirements in the future.

The filing by the plaintiff of a Motion to Set and Certificate of Readiness constitutes the voluntary dismissal of all fictitious parties whose true names have not been substituted.

## CONTROVERTING CERTIFICATE

Within 14 days after a Motion to Set and Certificate of Readiness has been filed, counsel for any other party may file a Controverting Certificate specifying the particular statements contained in the Certificate of Readiness to which objection is made, and the reason therefore.  Oral argument may be requested. The Court shall thereupon enter an order placing the case on the Active Calendar either immediately or, where for good cause is shown, at a specified later date.

## ACTIVE CALENDAR

Fourteen days after a Motion to Set and Certificate of Readiness is filed, if a Controverting Certificate has not been filed, the case shall be placed on the Active Calendar, unless otherwise ordered by the Court

## SETTING FOR TRIAL

Unless specifically set by the Court, cases on the Active Calendar shall be set for trial generally in the same order as they came on the Active Calendar and as soon as possible.  Preference shall be given to cases which by statute, rule or order of the Court are entitled to priority.  Counsel shall be given at least sixty days notice of the trial date.

## DELAY

When a case has been set for trial, no postponement of the trial will be considered by the Court except on a written motion substantially in the form previously approved by the Court. (Obtain from the Court a Request for Delay form)

## NOTIFICATION OF SETTLMENT

In order to provide other litigants with prompt trial settings all attorneys shall notify the Court of settlement, regardless of the status or state of the case (discovery stage, active calendar or trial calendar)

### GENERAL PRE-TRIAL ORDER

To expedite pre-trial and trial procedures, it is ORDERED, BY THE Court that the following will apply:

1.   **EXHIBITS, DOCUMENTS AND PHYSICAL EVIDENCE**

a.   Each party shall identify in writing to all other parties and shall make all documents, exhibits and physical evidence, or copies thereof, expected to be used in this case in chief available to the other parties, not less than 21 days prior to trial, for inspection and copying.  The same shall then be authenticated and admitted into evidence without further proof, unless written objections to any such documents or exhibits be made to the Court not less than 14 days prior to trial specifying the grounds of objection to the genuineness and relevancy of the proposed documents, exhibits and physical evidence used solely as impeachment evidence.

b.   Documents, exhibits or physical evidence not timely exhibited to or made available to other parties prior to trial under this Order will not be admitted into evidence at trial unless solely for impeachment purposes or unless the ends of justice so require.

c.   Documents, exhibits or physical evidence so admitted hereunder shall be presented to the court reporter for marking in evidence prior to trial.

## 2.   DOCTOR, HOSPITAL AND MEDICAL RECORDS

a.   If applicable, all doctor, medical and hospital bills shall be sent or made available to all parties not less than 21 days prior to trial and shall be admitted in evidence as reasonable without further proof, unless written objection to any such bill be made to the Court no less than 14 days before trial specifying the grounds for objection.

b.   Any such bill not timely exhibited to other parties will not be admitted at trial unless the ends of justice so require.

c.   The bills so admitted shall be presented to the court reporter for marking in evidence prior to trial.

## 3.   DAMAGES

a.   All parties seeking special damages shall furnish the other parties with a list thereof not less than 21 days prior to trial.  Written objections thereto may be made not less than 14 days before trial specifying the grounds of objections.

b.   Evidence of special damages claimed, but not time exhibited to other parties, will not be admitted into evidence unless the ends of justice so require.

## 4.   AGENCY-TIME AND PLACE-DUTY

a.   Agency and the time and place of the incident involved, if alleged in the complaint, and, if a negligence case, the existence of a duty, are admitted and the parties are deemed correctly named and designated unless specifically denied by answer or unless written objection is made not less than 14 days before trial.  The objections shall include the correct name and entity and/or grounds relied on.

## 5.   EXPERTS

a.   Unless previously obtained by discovery, each party will furnish to all other parties the names, addresses and qualifications of all expert witnesses expected to testify, together with a brief summary of their opinions.  Such disclosure of experts shall be made by the party filing the Motion to Set and Certificate of Readiness not later than the time of filing of such motion.  Disclosure by all parties shall be made not later than 14 days after the filing of the Motion to Set and Certificate of Readiness.

b.   Disclosure of experts in cases not included in the Fasttrack system shall be made by all parties not less than 60 days before trial.

c.   Unless written objection to the qualifications of an expert is made not later than 30 days before trial, stating grounds, the qualification of such experts will be admitted.

d.   Upon calling an expert to testify at trial, the attorney may state to the Court and jury the name, address and summary of the qualifications of the expert.

## 6.   JURY INSTRUCTIONS

a.   If a case is to be tried by a jury, requested written charges shall be submitted to the Court not less than the close of the plaintiff's case, subject to supplementation during the course of the trial on matters which could not be reasonably anticipated.  Each requested charge will be typed on letter sized paper and identified by the party's last name and shall be numbered.

## 7.   JURY SELECTION

a.   Before the commencement of trial, the parties will furnish or advise the Court, outside the presence of the jury, the names of all insurance companies involved and any special voir dire questions for the purpose of qualifying the jury.

## 8.   DUTY TO SUPPLEMENT DISCOVERY

a.   All parties are under duty to supplement responses to discovery as provided by Rule 26(e)(3) ARCP which

should be done not less than 30 days before trial.

9.   <u>MOTIONS GENERALLY</u>

a.      If motion to strike or dismiss a pleading is filed, the Court will not consider such unless a copy of the pleading sought to be struck or dismissed is attached thereto.

11.   <u>CONFLICTS</u>

a.      In the event of scheduling conflict affected counsel shall comply with the Attorney Calendar Conflict Resolution Order of the Alabama Supreme Court.

It is further ORDERED, by the Court that the Court will consider any portion of the General Pre-Trial Order upon timely application by any party.

Done this _____ day of _____

_____
Presiding Judge, S. Wesley Pipes



AlaFile E-Notice

02-CV-2024-901874.00

Judge: JAY A YORK

To:  WHITE GARRETT LEE
      glwhite@greenephillips.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

MICHELLE LYN PIERCE V. WALMART, INC.
02-CV-2024-901874.00

The following matter was FILED on 7/29/2024 2:03:39 PM

Notice Date:     7/29/2024 2:03:39 PM

SHARLA KNOX
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET   9TH FLOOR, N TOWER
MOBILE, AL, 36644

251-574-8420



AlaFile E-Notice

02-CV-2024-901874.00

Judge: JAY A YORK

To:   WALMART, INC. (PRO SE)
      C/O CT CORPORATION SYSTEM
      2 N JACKSON ST., STE. 605
      MONTGOMERY, AL, 36104-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

MICHELLE LYN PIERCE V. WALMART, INC.
02-CV-2024-901874.00

The following matter was FILED on 7/29/2024 2:03:39 PM

Notice Date:      7/29/2024 2:03:39 PM

SHARLA KNOX
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET   9TH FLOOR, N TOWER
MOBILE, AL, 36644

251-574-8420

ELECTRONICALLY FILED
7/30/2024 2:13 PM
02-CV-2024-901874.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
SHARLA KNOX, CLERK

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 7/2023 | **SUMMONS**<br>**- CIVIL -** | Co<br>02 |
|---|---|---|

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA
### MICHELLE LYN PIERCE V. WALMART, INC.

**NOTICE TO:** WALMART, INC., C/O CT CORPORATION SYSTEM 2 N JACKSON ST., STE. 605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), GARRETT LEE WHITE MR.

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 51 N. Florida St., Mobile, AL 36607

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☑ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request below of pursuant to the Alabama Rules of the Civil Procedure.                         *[Name(s)]*

07/23/2024                    /s/ SHARLA KNOX          By: _____

*(Date)*                    *(Signature of Clerk)*              *(Name)*

☐ Certified Mail is hereby requested.

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE
#### Certified Mail

☐ Return receipt of certified mail received in this office on _____

*(Date)*

#### Personal/Authorized

☒ I certify that I personally delivered a copy of this Summons and the Complaint or other document to *Walmart, Inc*

*c/o CT Corporation Sys.* in *Montgomery* County, Alabama on *July 29, 2024*

*(First and Last Name of Person Served)*      *(Name of County)*                 *(Date)*

Document left:

☒ with above-named Defendant;

☒ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

#### Return of Non-Service

☐ I certify that service of process of this Summons and the Complaint or other document was refused by _____ in _____ County, Alabama on _____ who is:

*(First and Last Name of Person Served)*   *(Name of County)*        *(Date)*

☐ the above-named Defendant;

☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☒ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree or by marriage to the party seeking service of process.

*Process*                      *T. Huggins*              *2020 Red HAWK Road*
*(Type of Process Server)*       *(Server's Signature)*         *(Address of Server)*

*(Badge or Precinct Number of Sheriff or Constable)*  *Tim Huggins*   *Prattville, Al 36067*
                               *(Server's Printed Name)*

                               *(334) 315-8807*        **Service Return Copy**
*(Badge or Precinct Number of Sheriff or Constable)*  *(Telephone Number of Designated Process Server)*

*Agent on Duty; Prena HANey*



AlaFile E-Notice

02-CV-2024-901874.00

To:   GARRETT LEE WHITE MR.
      glwhite@greenephillips.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

MICHELLE LYN PIERCE V. WALMART, INC.
02-CV-2024-901874.00

The following RETURN ON SERVICE - SERVED was FILED on 7/30/2024 2:13:58 PM

Notice Date:     7/30/2024 2:13:58 PM

SHARLA KNOX
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET   9TH FLOOR, N TOWER
MOBILE, AL, 36644

251-574-8420



AlaFile E-Notice

02-CV-2024-901874.00

To: WALMART, INC. (PRO SE)
C/O CT CORPORATION SYSTEM
2 N JACKSON ST., STE. 605
MONTGOMERY, AL, 36104-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

MICHELLE LYN PIERCE V. WALMART, INC.
02-CV-2024-901874.00

The following RETURN ON SERVICE - SERVED was FILED on 7/30/2024 2:13:58 PM

Notice Date:      7/30/2024 2:13:58 PM

SHARLA KNOX
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET   9TH FLOOR, N TOWER
MOBILE, AL, 36644

251-574-8420



AlaFile E-Notice

02-CV-2024-901874.00

To:  GARRETT LEE WHITE MR.
     glwhite@greenephillips.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

MICHELLE LYN PIERCE V. WALMART, INC.
02-CV-2024-901874.00

The following RETURN ON SERVICE - SERVED was FILED on 7/30/2024 2:13:58 PM

Notice Date:     7/30/2024 2:13:58 PM

SHARLA KNOX
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET   9TH FLOOR, N TOWER
MOBILE, AL, 36644

251-574-8420

ELECTRONICALLY FILED
8/29/2024 4:12 PM
02-CV-2024-901874.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
SHARLA KNOX, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

MICHELLE LYN PIERCE,                          *
                                              *
     Plaintiff,                             *
                                              *
vs.                                           *          CASE NO. 02-CV-2024-901874.00
                                              *
WALMART, INC., and Fictitious                 *
Defendants A-Z, being parties whose fault     *
caused or contributed to the injuries sustained *
by the Plaintiff which is the basis of this suit, *
and whose names, capacities and identities    *
are otherwise unknown to the Plaintiff and    *
which will be added by amendment when         *
ascertained,                                  *
                                              *
     Defendants.                            *

## ANSWER

     Defendant, Walmart, Inc. (hereinafter referred to as "Walmart"), answer Plaintiff's Complaint as follows with each numbered paragraph corresponding to the numbered paragraphs of Plaintiff's Complaint:

     1.    Walmart is without knowledge and information sufficient to form a belief as to Plaintiff's age or residency but, at this time, admits same.

     2.    Walmart Inc. admits it is a foreign corporation authorized to do business in Alabama and may be served via its registered agent.

     3.    As this paragraph is directed towards fictitious parties, no response from Walmart is required. To the extent this paragraph asserts or implies allegations against Walmart, the same are denied and strict proof thereof is demanded.

4.      Walmart admits that Plaintiff alleges the amount in controversy is within the jurisdictional limits of this Court, but denies Plaintiff is entitled to any recovery in this matter.

## FIRST CAUSE OF ACTION: NEGLIGENCE

5.      Walmart hereby adopts and incorporates by reference the foregoing paragraphs, the same as though fully repeated herein.

6.      Walmart admits Plaintiff, Michelle Peirce, was present on its premises located at 101 E Interstate 65 Service Road in Mobile, Alabama, on or about July 24, 2022 Walmart is without knowledge and information sufficient to form a belief as to the allegations concerning Plaintiff's purpose for her presence or her status as an "invitee"; or the allegations relating to the details of the incident and therefore, must deny the same and demand strict proof thereof. Walmart denies it owned the store where this incident occurred and denies the store was under its "control" and demands strict proof thereof.  Walmart denies the remaining allegations of this paragraph and demands strict proof thereof.

7.      Walmart denies the allegations of this paragraph and demands strict proof thereof.

8.      Walmart denies the allegations of this paragraph and demands strict proof thereof.

9.      Walmart denies that its conduct was negligent, and denies its conduct was the proximate cause or contributing cause of this incident or Plaintiff's injuries and damages, if any. Walmart is without knowledge and information sufficient to form a belief as to the allegations relating to Plaintiff's injuries or damages and, therefore, must deny the same and demand strict proof thereof. Walmart denies the remaining allegations of this paragraph and demands strict proof thereof.

Walmart denies all allegations in the unnumbered paragraph following paragraph 9 which begins "WHEREFORE", and denies that Plaintiff is entitled to any recovery in this matter and demands strict proof thereof.

## SECOND CAUSE OF ACTION: WANTONNESS

10.     Walmart hereby adopts and incorporates by reference the foregoing paragraphs, the same as though fully repeated herein.

11.     Walmart admits Plaintiff, Michelle Peirce, was present on its premises located at 101 E Interstate 65 Service Road in Mobile, Alabama, on or about July 24, 2022 Walmart is without knowledge and information sufficient to form a belief as to the allegations concerning Plaintiff's purpose for her presence or her status as an "invitee"; or the allegations relating to the details of the incident and therefore, must deny the same and demand strict proof thereof. Walmart denies it owned the store where this incident occurred and denies the store was under its "control" and demands strict proof thereof.  Walmart denies the remaining allegations of this paragraph and demands strict proof thereof.

12.     Walmart denies the allegations of this paragraph and demands strict proof thereof.

13.     Walmart denies the allegations of this paragraph and demands strict proof thereof.

14.     Walmart denies that its conduct was wanton, and denies its conduct was the proximate cause or contributing cause of this incident or Plaintiff's injuries and damages, if any. Walmart is without knowledge and information sufficient to form a belief as to the allegations relating to Plaintiff's injuries or damages and, therefore, must deny the same and demand strict proof thereof. Walmart denies the remaining allegations of this paragraph and demands strict proof thereof.

Walmart denies all allegations in the unnumbered paragraph following paragraph 14 which begins "WHEREFORE", and denies that Plaintiff is entitled to any recovery in this matter and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

1.      Plaintiff's Complaint fails to state a claim upon which relief may be granted against Walmart.

2.      The Plaintiff was guilty of negligence that contributed to cause the injuries about which she complains, and therefore under Alabama law is not entitled to recover any damages.

3.      The alleged hazard about which Plaintiff complains was open and obvious thereby obviating a duty to warn and precluding Plaintiff from recovering damages under Alabama law.

4.      Walmart did not have notice of the alleged hazard about which Plaintiff complains, and therefore, under Alabama law Walmart owed Plaintiff no duty to eliminate the alleged hazard.

5.      No act or omission of Walmart was the proximate cause of any injury to Plaintiff.

6.      Walmart owed Plaintiff no duty as alleged.

7.      Plaintiff's claims are barred, in whole or in part, because she failed to undertake the precautions that a reasonably prudent person would take to protect against dangers which a reasonably careful person would reasonably appreciate under the same or similar circumstances.

8.      Plaintiff's claims are barred due to her contributory negligence.

9.      Plaintiff assumed the risk associated with her actions and therefore her claims against Walmart fail.

10.     Plaintiff assumed the risk of conditions present and the dangers inherent therein.

11.     Plaintiff's injuries and damages were the result of an intervening and/or superseding cause; therefore, Plaintiff should not recover from Walmart.

12.     Walmart had no knowledge of the alleged defect or condition Plaintiff alleges to have been the cause of her injury; therefore, Plaintiff should not recover from Walmart.

13.     Plaintiff, in whole or in part, failed to mitigate her alleged damages, and therefore is precluded from recovery.

14.     Plaintiff's claims are barred by the applicable statute of limitations.

15.     Walmart respectfully demands credit for any and all monies paid to, or on behalf of, Plaintiff from any and all collateral sources.

16.     Walmart is entitled to the applicable Alabama statutory damages caps.

17.     Walmart reserves the right to add and/or supplement its affirmative defenses as discovery in this matter has not yet begun.

18.     To the extent Plaintiff's alleged damages are the result of a condition and/or injury which predates the incident made the basis of his Complaint, there is no causal relationship to these Defendants.

19.     The imposition of punitive damages in this case would violate the Due Process Clause of Amendments V and XIV to the United States Constitution and Article I, § 6 of the Alabama Constitution because such an award under these facts would violate the defendants' right to procedural and substantive due process.

20.     The imposition of punitive damages in this case would violate the Due Process Clause of Amendments V and XIV to the United States Constitution and Article I, § 6 of the Alabama Constitution because the alleged culpability of the defendant's conduct is not so reprehensible as to warrant further additional sanctions after payment of compensatory damages.

21.    Plaintiff's claim for punitive damages as applied in this case violates the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution to the extent it exceeds the standards and limitations set forth in State Farm Mut. Auto. Ins. Co. v. Campbell, 123 S.Ct. 1513 (2003).

22.    Plaintiff's claim for punitive damages violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments, jointly and separately, of the Constitution of the United States in each of the following separate and several ways:

a.      It seeks an award of punitive damages that is vastly disproportionate to any actual harm, and thus exceeds the standards of substantive and procedural due process under the Eighth and Fourteenth Amendments of the U.S. Constitution.

b.      It seeks a disproportionate award of punitive damages that constitutes an arbitrary and capricious taking of property which is unjustified by any legitimate governmental interest, thereby violating the Fifth and Fourteenth Amendments of the U.S. Constitution.

c.      It seeks an award of punitive damages without sufficient substantive and procedural standards to guide the jury's discretion in determining both the liability and amount of punitive damages to be awarded, thus violating the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution.

d.      It seeks punitive damages under substantive standards of liability that are vague, ambiguous, subjective, and not reasonably ascertainable, and are thus "void for vagueness" under the Fourteenth Amendment of the U.S. Constitution.

e.      It seeks punitive damages for conduct by the defendant which complied with all applicable statutory, regulatory, and/or administrative rules and regulations, thus failing to furnish fair notice of punishable conduct and violating the Due Process and Equal Protection Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution.

f.      It seeks punitive damages upon a standard of proof less than that required for the imposition of criminal sanctions, thus violating procedural due process under the Fifth Amendment of the U. S. Constitution.

g.      It seeks joint and several punitive damages liability from defendants who are guilty of different acts and degrees of culpability, thus violating the Due Process Clause of the Fifth and Fourteenth Amendments of the U. S. Constitution.

h.      It would result in multiple awards of punitive damages for the same alleged acts or omissions in violation of the Fifth, Seventh, Eighth and Fourteenth Amendments of the U.S. Constitution.


i.      It seeks punitive damages based, in whole or part, upon evidence of out-of-state conduct that is immaterial and/or lawful in the jurisdiction where it occurred, thus violating the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution.


j.      It seeks punitive damages based, in whole or part, upon improper character evidence consisting of other alleged misconduct that is dissimilar and/or immaterial to the conduct that harmed the plaintiff, thus violating the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution.


k.      It seeks punitive damages based, in whole or part, upon the financial status of the defendant, thus violating the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution, and the Equal Protection Clause of the Fourteenth Amendment.


l.      It seeks punitive damages based, in whole or part, upon hypothetical evidence of other similar claims, thus violating the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution.


m.      The applicable state law does not provide fair notice of the conduct that will subject the defendant to punishment, nor a reasonable limitation on the degree of punishment, nor fair notice of the severity of punishment for the alleged misconduct, thus violating the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution.


n.      The plaintiff's claim improperly seeks to justify an award of punitive damages based on a profit-removal theory that is based on the removal of each dollar of profit made by the defendant from other alleged similar acts of misconduct, thus violating the Due Process and Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution.


o.      The applicable state law fails to provide a clear, objective and consistent appellate standard for post-verdict review of punitive damages thus violating the Fifth and Fourteenth Amendments of the United States Constitution.

23.     Defendants reserve the right to add and/or supplement these affirmative defenses as discovery in this matter has not yet begun.

**DEFENDANT DEMANDS TRIAL BY STRUCK JURY.**

Respectfully submitted on August 29, 2024.

*/s/ W. Pemble Delashmet*
W. PEMBLE DELASHMET (DEL 010)
wpd@delmar-law.com
CHAD C. MARCHAND (MAR 136)
ccm@delmar-law.com
MIGNON M. DELASHMET (DEL 011)
mmd@delmar-law.com
*Attorneys for Defendant Walmart Inc.*

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL  36652

Telephone:     (251) 433-1577
Facsimile:     (251) 433-7994

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have on this day August 29, 2024 served a copy of the foregoing pleading upon counsel as listed below by depositing the same in the U. S. Mail, postage prepaid and properly addressed.

Garrett White
Greene & Phillips
51 North Florida St.
Mobile, AL  36607

*/s/ W. Pemble DeLashmet*
OF COUNSEL



AlaFile E-Notice

02-CV-2024-901874.00

To:   W. PEMBLE DELASHMET
      wpd@delmar-law.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

MICHELLE LYN PIERCE V. WALMART, INC.
02-CV-2024-901874.00

The following answer was FILED on 8/29/2024 4:12:56 PM

Notice Date:      8/29/2024 4:12:56 PM

SHARLA KNOX
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET   9TH FLOOR, N TOWER
MOBILE, AL, 36644

251-574-8420



AlaFile E-Notice

02-CV-2024-901874.00

To:  WALMART, INC. (PRO SE)
C/O CT CORPORATION SYSTEM
2 N JACKSON ST., STE. 605
MONTGOMERY, AL, 36104-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

MICHELLE LYN PIERCE V. WALMART, INC.
02-CV-2024-901874.00

The following answer was FILED on 8/29/2024 4:12:56 PM

Notice Date:     8/29/2024 4:12:56 PM

SHARLA KNOX
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET   9TH FLOOR, N TOWER
MOBILE, AL, 36644

251-574-8420



AlaFile E-Notice

02-CV-2024-901874.00

To:   WHITE GARRETT LEE
glwhite@greenephillips.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

MICHELLE LYN PIERCE V. WALMART, INC.
02-CV-2024-901874.00

The following answer was FILED on 8/29/2024 4:12:56 PM

Notice Date:      8/29/2024 4:12:56 PM

SHARLA KNOX
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET   9TH FLOOR, N TOWER
MOBILE, AL, 36644

251-574-8420